ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| Combat Support Associates ) | ASBCA Nos. 58945, 58946 |
| ) | |
| Under Contract No. DASA02-99-C-1234 ) | |

APPEARANCE FOR THE APPELLANT:    Karen L. Manos, Esq.
                                  Gibson, Dunn & Crutcher LLP
                                  Washington, DC

APPEARANCES FOR THE GOVERNMENT:    E. Michael Chiaparas, Esq.
                                    DCMA Chief Trial Attorney
                                    Douglas R. Jacobson, Esq.
                                    Trial Attorney
                                    Defense Contract Management Agency
                                    Bloomington, MN

                                    David C. Hoffman, Esq.
                                    Deputy General Counsel
                                    Defense Contract Audit Agency
                                    Fort Belvoir, VA

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE
GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant, Combat Support Associates (CSA), appeals from two contracting officer's final decisions: one establishing indirect cost rates and the other demanding payment of an alleged overpayment. Those two decisions have been rescinded, and the government requests dismissal of the appeals with prejudice, for lack of jurisdiction. CSA opposes, contending that live issues remain. We dismiss the appeals as moot.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 13 July 1999, the Department of the Army (government) awarded Contract No. DASA02-99-C-1234 to CSA for the provision of support and security services in Kuwait (R4, tab 1 at 1). On 30 April 2007, CSA submitted to the government its fiscal year (FY) 2006 incurred cost submission (ICS) (ex. 3 at 2). On 17 June 2013, the Defense Contract Audit Agency (DCAA) issued a report of an audit of the ICS (R4, tab 2). In the report, DCAA questioned $3,504,263 in costs and "qualified" $48,245,100 in other costs (*id.* at G-42).

On 23 August 2013, the administrative contracting officer (ACO), having reviewed the DCAA audit report, issued two final decisions, one demanding that CSA pay the government $332,167 in disallowed direct costs (R4, tab 4 at G-166), and the other disallowing certain indirect costs and unilaterally determining CSA's indirect cost rates for FY 2006 (R4, tab 5 at G-171).

On 2 October 2013, CSA timely filed an appeal docketed as ASBCA No. 58945 (appealing the ACO's final decision demanding payment of disallowed direct costs), and filed an appeal docketed as ASBCA No. 58946 (appealing the ACO's final decision disallowing indirect costs and determining indirect cost rates). In its complaint, CSA asserted that the government's claims were time-barred by the six-year statute of limitations, because, CSA contended, the government's claims accrued no later than 20 May 2007, by when the government was in possession of CSA's "complete FY 2006 ICS" (compl. at 9, ¶ 34).

On 20 February 2014, CSA filed a motion to dismiss the appeals for lack of jurisdiction, contending that the government's claims were time-barred. On 30 November 2014, the Board scheduled a hearing of the appeals to commence on 2 November 2015. On 16 March 2015, upon reconsideration of an earlier decision denying CSA's motion to dismiss on the merits, *Combat Support Associates*, ASBCA Nos. 58945, 58946, 14-1 BCA ¶ 35,782, we vacated that decision and denied CSA's motion to dismiss, pursuant to *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315 (Fed. Cir. 2014), on the ground that the six-year statute of limitations set forth in the Contract Disputes Act, 41 U.S.C. § 7103(a)(4), is not jurisdictional. *Combat Support Associates*, ASBCA Nos. 58945, 58946, 15-1 BCA ¶ 35,923 at 175,591. On 29 October 2015, the ACO rescinded her two, 23 August 2013 decisions, stating:

> I hereby withdraw the Contracting Officer's Final Decision (COFD) and demand for payment dated August 23, 2013. CSA is hereby released of the Government claim for $332,167 of direct costs. Also, I rescind the COFD dated August 23, 2013 which unilaterally set CSA's indirect rates for FY 2006 and disallowed $1,409,464 of indirect costs. The Government has no intention of issuing another COFD disallowing the costs in the August 23, 2013 COFDs.

(R4, tab 6)

On 2 November 2015, the Board commenced a two-day hearing of the appeals, and the government moved for dismissal of the appeals with prejudice, contending that as a result of the rescission of the government's claims, there were no longer any claims before the Board to adjudicate. On 20 November 2015, CSA opposed the motion.

Characterizing its reliance upon the statute of limitations as an affirmative defense, CSA contended that the appeals should be sustained on the merits of that affirmative defense, despite the rescission of the government's claims, because the government's practice of "disallowing costs more than six years after submission of an adequate ICS" is "capable of repetition, yet evading review" (app. opp'n at 13).

## DECISION

Where a contracting officer unequivocally rescinds a government claim and the final decision asserting that claim, with no evidence that the action was taken in bad faith, there is no longer any claim before the Board to adjudicate, and the appeal is dismissed. *KAMP Systems, Inc.*, ASBCA No. 54253, 09-2 BCA ¶ 34,196 at 168,995. In such circumstances, the government's voluntary action moots the appeal, *cf. Teddy's Cool Treats*, ASBCA No. 58384, 14-1 BCA ¶ 35,601 at 174,410 (dismissing appeal as moot where government changed default termination to a notice termination), leaving the Board without jurisdiction to entertain the appeal further. *See Lasmer Industries, Inc.*, ASBCA No. 56411, 10-2 BCA ¶ 34,491 at 170,123.

That is the case here. The ACO unequivocally rescinded the final decisions asserting the government's claims that are the subject of the appeals, expressly stating that "[t]he Government has no intention of issuing another COFD disallowing the costs in the August 23, 2013 COFDs," thereby voluntarily providing the relief sought in the appeals. In addition, there is no suggestion that the rescissions are in bad faith. Consequently, there are no longer any claims before us to adjudicate, and the appeals are moot. CSA points to certain costs, including those that DCAA "qualified," that CSA suggests are still at issue between the parties (app. opp'n at 11-12). However, because the ACO unequivocally rescinded her final decisions, there is nothing left of the merits of the appeals for us to adjudicate, and, therefore, there are no costs at issue before us.

We disagree with CSA that we are confronted with a dispute that is "capable of repetition, yet evading review." A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Humane Society of the United States v. Clinton*, 236 F.3d 1320, 1331 (Fed. Cir. 2001). However, a claim is not moot if that action is capable of repetition, yet evading review. *Id.* To qualify for this exception, the challenged action must meet two conditions. *Id.* First, the action must in its duration be too short to be fully litigated prior to its cessation or expiration. *Id.* Second, there must be a reasonable likelihood that the party will again suffer the injury that gave rise to the suit. *Id.* CSA contends that the government's practice of "disallowing costs more than six years after submission of an adequate ICS" is capable of repetition, yet evading review, making the appeals still live disputes.

3

A problem with CSA's argument is that its "dispute" with the government regarding whether the statute of limitations begins to run upon the submission of an "adequate" ICS is not a claim, it was the theory behind CSA's affirmative defense against the government's claims in these appeals. Because the ACO unequivocally rescinded those claims, there is nothing left of the appeals for CSA to defend against. As such, CSA's request that we rule on the merits of its affirmative defense is, essentially, a request for an advisory opinion regarding claim accrual, which we decline to provide.

Finally, we note that a dismissal of an appeal as moot is without prejudice to its merits. *See Textile Productions, Inc. v. Mead Corp.*, 134 F.3d 1481, 1486 (Fed. Cir. 1998); *see also Lasmer Industries*, 10-2 BCA ¶ 34,491 at 170,123 (explaining that dismissal of appeal "with prejudice," after rescission of government claim, was not on the merits).

## CONCLUSION

For these reasons, the appeals are dismissed as moot.

Dated: 2 March 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58945, 58946, Appeals of Combat Support Associates, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals